UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA M. WITHERSPOON,

    Plaintiff,

v.                                            Case No. 1:11-cv-862
                                              Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on June 26, 1975 (AR 112),[1] and has obtained a GED (AR 37). She has had previous employment as an assembler in a factory and a cashier (AR 151).

Plaintiff alleged a disability onset date of February 1, 2005 (AR 112). She identified her disabling conditions as: depression; emotional impairment; and back pain (AR 143). On April 22, 2010, Administrative Law Judge (ALJ) Heather Joys reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 8-16).[2] This decision, which was later approved by the

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] Although plaintiff had filed her applications in Grand Rapids, Michigan, her administrative hearing was held in Atlanta, Georgia (AR 26).

Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[3]

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

---

[3] Plaintiff had a previous *pro se* hearing on November 6, 2007 before ALJ S.N. Willett (AR 65). At that time, plaintiff alleged the same disability onset date of February 1, 2005 (AR 65). In a decision entered on December 17, 2007, ALJ Willett found that plaintiff could perform her past relevant work as an ad sorter, deli worker and assembler, and that she was not under a disability as defined in the Social Security Act (AR 70-71). The court notes that while ALJ Joys' 2010 decision did not explicitly re-open ALJ Willett's 2007 decision, ALJ Joy nevertheless appears to have re-opened that earlier decision by addressing plaintiff's claim for disability during a time period in which ALJ Willett found plaintiff not disabled (i.e., from February 1, 2005 through December 17, 2007).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

Thus, plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, ALJ Joys found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 1, 2005 and met the insured status requirements of the Social Security Act through September 30, 2010 (AR 10). At step two, the ALJ found that plaintiff suffered from severe impairments of a major depressive disorder and an impulse control disorder (AR 10). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listing 12.04 (affective disorders) (AR 10).

The ALJ decided at the fourth step that plaintiff has the residual functional capacity (RFC):

> . . . to perform less than the full range of work at all exertional levels due to mental limitations. Specifically, the claimant can only understand, remember, and carry out simple, routine, repetitive tasks in a low stress environment, defined as one in which she has only causal [sic] co-worker and public contact; and can only make minor, work-related decisions and does not have to meet rigid production quotas.

(AR 13). The ALJ further found that plaintiff could not perform any of her past relevant work, which was defined as an assembler (AR 14).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at all exertional levels in the national economy (AR 14-15). The ALJ relied on the testimony of a vocational expert, who testified that plaintiff could perform a significant number of jobs in the national economy and the regional economy (defined as the State of Georgia) such as: surveillance systems monitor (sedentary work) (1,820 jobs regionally); parking lot cashier (light work) (98,080 jobs regionally), and slot tag inserter (light work) (3,880 jobs regionally) (AR 15, 51). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2005 through the date of the decision (April 22, 2010) (AR 15-16).

### III. ANALYSIS

Plaintiff has the burden of proof in this appeal. *See Sangster v. Celebrezze*, 226 F.Supp. 1, 3 (W.D. Mich. 1964) ("[t]he burden of proving a condition of disability is upon the claimant under the statute -- both in the administrative proceeding and in any proceeding in this court"). However, she did not file a brief in support of this appeal, as directed by the court, despite having been given an extension of time and having been advised of the risks involved in proceeding without an attorney. *See* Order (docket no. 14). As noted above, plaintiff chose to represent herself at the 2007 administrative hearing before ALJ Willett, the 2010 administrative hearing with ALJ Joy, and in the present appeal. Furthermore, plaintiff has made no effort to inform the court of her position or to point out where she believes ALJ Joy committed an error in finding that she was not disabled (the same finding ALJ Willett made in 2007). The fact that plaintiff is proceeding without

an attorney does not exempt her from following court rules and deadlines. A *pro se* litigant, whether plaintiff or defendant, is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). "*Pro se* litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). When a non-prisoner litigant chooses to represent himself, "he should expect no special treatment which prefers him over others who are represented by attorneys." *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Despite plaintiff's failure to file a brief, defendant's counsel filed an 18-page brief demonstrating that ALJ Joy's decision was supported by substantial evidence. *See* Defendant's Brief (docket no. 15). There is little benefit to restating this uncontroverted evidence here. Plaintiff has made no attempt to show that ALJ Joy erred in denying her claims for DIB and SSI and expressed little interest in prosecuting this appeal. Nevertheless, the court has considered the entire record and, having found no inadequacy in ALJ Joy's decision, concludes that her decision denying benefits should be affirmed

### IV. Recommendation

Accordingly, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: June 15, 2012  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

6

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).